{¶ 52} I concur in judgment and opinion except that I believe Abernathy has forfeited the issues concerning the scope of theTerry frisk by not raising it at the suppression hearing. See Crim. R. 12(B)(3). Thus, I would not address it any further.
 {¶ 53} Concerning the dissent, my reading of the transcript of the hearing on the motion to suppress leads me to an opposite conclusion. I do so in large part based *Page 22 
upon the fact that there were at least two separate vehicles involved in the surveillance/stop: one with Officer Bryant and the confidential informant and one with Officer Timberlake. The dissent contends "the officer that testified did not know (1) what `P' looked like; (2) * * *; (3) * * *. In addition, the officer did not use the informant to confirm that the suspect driver was `P'." The officer who testified was Investigator Bryant, and he did in fact indicate he did not personally know Mr. Abernathy. However, he also testified that he believed Officer Timberlake, who was in a different vehicle and actually made the stop, knew Abernathy from a prior face-to-face confrontation. And while Bryant did not expressly testify that the confidential informant pointed out Abernathy when he entered the parking lot, Bryant did state that the confidential informant was present in Bryant's car for the surveillance. Bryant also testified that, " * * * when Mr. Abernathy arrived in the green Trailblazer we seen [sic] him." I believe it's logical to conclude "we" includes the confidential informant and that "we seen [sic] him" includes some form of identification by the confidential informant. Even if one discounts these inferences because "we" may relate solely to other officers who apparently were present, Officer Timberlake was personally familiar with Abernathy.
 {¶ 54} In reaching these conclusions, I note the state's burden of proof at suppression hearings is only a preponderance of the evidence, i.e. "more likely than not". See State v. Barnes, Athens App. No. 02CA28, 2003-Ohio-984 at ¶ 8. Had the more stringent trial standard of proof beyond a reasonable doubt applied, I may not have reached the same conclusion. Nonetheless, based upon the other facts described in the majority opinion, I conclude the totality of the circumstances supports the existence of a reasonable articulable suspicion for the stop. *Page 23